UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nutramax Laboratories, Inc., et al.,<br><br>　　　　　　Plaintiffs<br><br>　v.<br><br>Cyberzenn, LLC, et al.<br><br>　　　　　　Defendants | Case No. 2:23-cv-01883-CDS-DJA<br><br>**Order Granting Motion for a Permanent Injunction and Motion for Default Judgment**<br><br>[ECF Nos. 15, 16] |

　　　Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, Nutramax) filed a motion for a permanent injunction against defendants Cyberzenn, LLC, Raychel Gonzalez, and Darina Beckett (collectively, defendants) from unlawfully interfering with Nutramax's contractual relationships with its authorized resellers and from infringing Nutramax's trademarks in connection with the sale and distribution of unauthorized Nutramax products. ECF No. 16. On January 26, 2024, Nutramax also moved for default judgment against the defendants because each defendant failed to plead or otherwise defend this matter. ECF No. 15. No opposition to the motions were filed.

　　　I set a hearing on the motions and ordered Nutramax to serve defendants with notice of the hearing. ECF Nos. 17; 18. Nutramax complied and mailed defendants notice of the hearing on April 18, 2024. Certificate of service, ECF No. 19. I held the April 30, 2024 hearing on the injunctive and default motions. Counsel for Nutramax was present via Zoom. *See* Min. order, ECF No. 21 (granting leave to appear by video conference). No one appeared on behalf of defendants. *Id.* At the conclusion of the hearing, with no opposition for the court's consideration, and based on the following, the court granted the motion for preliminary injunction and motion for default judgment. Accordingly, the court hereby enters the following findings of facts and conclusions.

I.   Findings of fact and conclusions of law

1. Nutramax filed its complaint on November 15, 2023 against defendants alleging trademark infringement under the Lanham Act; false designation of origin under the Lanham Act; and tortious interference with a contract under Nevada common law. *See* Compl., ECF No. 1. This Court finds it has subject matter jurisdiction over the federal claims and exercises supplemental jurisdiction over the state-law claim.

2. Nutramax served a summons and the complaint upon Cyberzenn, LLC on November 17, 2023, and served Raychel Gonzalez and Darina Beckett on November 27, 2023. Executed Summons, ECF Nos. 6–8. Defendants failed to serve an Answer or otherwise respond to Nutramax's, as required by Federal Rule of Civil Procedure 12.

3. On December 13, 2023, Nutramax moved for entry of clerk's default (ECF No. 13), which was granted on January 5, 2024. ECF No. 14.

4. This Court has personal jurisdiction over Cyberzenn because it was incorporated under Nevada law, all its officers are located in Nevada, and it is "at home" in Nevada.

5. This Court has personal jurisdiction over Gonzalez and Beckett because they are residents of Nevada who have purposefully availed themselves of the benefits of doing business in Nevada by incorporating their limited liability company under Nevada law.

6. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because defendants are residents of this district, engaging in tortious and unlawful conduct in this judicial district.

7. Nutramax has stated a cause of action as to its claims for federal trademark infringement (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and tortious interference with a contract in violation of Nevada common law:

    a. Nutramax has acquired valid and enforceable trademark rights in the COSEQUIN and NUTRAMAX LABORATORIES trademarks through its prominent advertising, promotion, and sale of pet health supplements bearing those trademarks;

b. Nutramax's trademark rights are confirmed by U.S. Reg. Nos. 1,791,253 (COSEQUIN); 5,662,197 (COSEQUIN); 2,231,260 (NUTRAMAX LABORATORIES); 4,077,241 (NUTRAMAX LABORATORIES (Stylized)), 4,654,181 (NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. (Stylized)). These trademark registrations are prima facie evidence of the validity of the marks registered and constitute constructive notice of Nutramax's ownership of those marks in accordance with Sections 7(b) and 22 of the Lanham Act (15 U.S.C. §§ 1057(b) and 1072);

c. Apart from the '197 registration for COSEQUIN, all the above-referenced registrations constitute conclusive evidence of Nutramax's exclusive right to use those marks in commerce in the United States pursuant to Section 33(b) of the Lanham Act (15 U.S.C. § 1115(b));

d. Nutramax has stated a claim for its trademark infringement and false designation of origin claims because defendants are offering to sell, selling, and distributing unauthorized Nutramax products that are materially different from Nutramax's authorized products and likely to cause consumer confusion as to the source or origin of those products; and

e. Nutramax has stated a claim for its tortious interference with a contract under Nevada common law because defendants knowingly interfered with Nutramax's contractual relationships with its authorized resellers by intentionally inducing those authorized resellers to breach their agreements with Nutramax.

8. Nutramax will suffer irreparable harm to the reputation and goodwill that it has developed in its COSEQUIN and NUTRAMAX LABORATORIES marks because of consumer confusion and dissatisfaction attributable to the fact that consumers have no way of knowing that the unauthorized Nutramax products purchased from defendants are materially different from the authorized Nutramax products sold by Nutramax and its authorized resellers.

9. The remedies available at law are inadequate to compensate for Nutramax's injury because a monetary remedy will not stop defendants from continuing their tortious behavior. Indeed, injunctive relief is the preferred remedy in trademark and unfair competition cases. *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) ("[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.").

10. The balance of the equities weighs in Nutramax's favor, as any damage or harm felt by defendants because of this injunction is attributable to their unlawful attempts to trade on the goodwill that Nutramax has accrued in its trademarks.

11. The public interest will be served by granting Nutramax's motion for a permanent injunction, as one of the essential purposes of the Lanham Act is to protect consumers from confusion and deception as to the source of goods.

12. Further, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *See*, *PepsiCo, Inc. v. California. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002), *Reflex Media, Inc. v. Richmeetbeautiful Holding Ltd*, 2022 WL 4237965 (D. Nev. Sept. 14, 2022). The court therefore accepts as true the factual basis to support Nutramax's claims in support of its motion for default judgment.

13. Nutramax has met the requirements of Federal Rules of Civil Procedure 55(a) and (b). Rule 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). Fed. R. Civ. P. 55(b).

14. I also find, based on the information and arguments included in their motion for entry of default (ECF No. 15), that Nutramax has met the *Eitel* Factors, so they are entitled to default judgment against defendants. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* actors include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

15. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, the issuance of a permanent injunction is the proper subject of a default judgment for violations of the Lanham Act. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501–03 (C.D. Cal. 2003).

16. Accordingly, Nutramax's motion for a permanent injunction and motion for default judgment are GRANTED.

## II. Conclusion

IT IS HEREBY ORDERED that Nutramax's motion for default judgment **[ECF No. 15]** and motion for a permanent injunction **[ECF No. 16] are GRANTED**.

IT IS FURTHER ORDERED that defendants and their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with defendants with actual notice of this Order are hereby enjoined and restrained from:

  1. using the Nutramax Marks (or any Nutramax trademark) or colorable imitations thereof in connection with the distribution, marketing, advertising, or sale of any Nutramax product that Nutramax has not authorized to be sold to or by defendants;

  2. passing off, inducing, or enabling others to sell or pass off any product as a genuine Nutramax product that has not been produced under the authorization, control, or supervision of Nutramax and approved by Nutramax for sale to or by defendants;

  3. shipping, delivering, transferring, moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Nutramax to be sold to or by defendants; and

4. otherwise competing unfairly with Nutramax in any manner.

Additionally, defendants, those in privity with defendants, and those with actual notice of this order—including any online retailers, social media platforms, internet search engines, and email service providers for defendants—must:

1. permanently remove all of defendants' product listings for any Nutramax products (including, but not limited to, Cosequin® products), and thereafter prohibit defendants from ever relisting or offering for sale any Nutramax products;

2. permanently remove any and all advertisements used by or associated with defendants in connection with the sale of any Nutramax products; and deliver to Nutramax or destroy, at Nutramax's discretion, all Nutramax products in defendants' possession or held on behalf of defendants.

This order is permanent and can only be dissolved or amended by order of the Court.

Dated: May 9, 2024

_____
Cristina D. Silva
United States District Judge